# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH EDWARD CRENSHAW,<br><br>                            Petitioner,<br>  vs.<br><br>JAMES E. TILTON, Secretary,<br><br>                            Respondent. | CASE NO. 07cv1107 JM(WMc)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION RE GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING OBJECTIONS |

On December 20, 2007 Magistrate Judge William McCurine, Jr. entered a Report and Recommendation Re: Granting Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus ("R & R") on the ground that Petitioner's claims are barred by AEDPA's one year statute of limitations. The R & R, expressly incorporated herein, thoroughly and thoughtfully analyzed Petitioner's claims and recommended that Respondent's motion be granted. Petitioner has filed objections to the R & R ("Objections"), and Respondent did not file a response to the Objections. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the Objections and adopts the R & R in its entirety. The Clerk of Court is instructed to close the file.

## ADDITIONAL BACKGROUND

Petitioner alleges that as a part of a plea agreement, he was told he would only

serve a maximum of thirteen years and six months of his twenty-seven-year-to-life term (Petition at 6B-6C). Both the presiding state court judge and Petitioner's trial lawyer stated that defendants were commonly told at that time that, with good behavior and work credits, they would be released in half the amount of time of their initial sentence. (Pet. Exh. G and B).

However, Penal Code § 2933, the law allowing state prisoners to participate in the work credit program, technically did not apply to prisoners serving life sentences. See 70 Op. Atty Gen. Cal 49. In 1987, the California Attorney General clarified the rule, and said that it would no longer apply to inmates serving "25 years to life, 15 years to life, or life with a possibility of parole." Id. In the following year, a prisoner challenged that clarification by the Attorney General. The court held in In re Monigold, 205 Cal. App. 3d 1224, 1228 (Cal. Ct. App. 1988) that petitioner was not entitled to participate in the § 2933 program because the law is "expressly applicable only to those prisoners sentenced to determinate terms." Id. However, the court held that a prisoner was entitled to credit for any time accrued.[1] Id.

Following clarification of the work credit program, Petitioner met with a Court Counselor at the correctional facility and provided with a time sentence recalculation form. (Pet. Exh. H). Because of the credits that Petitioner earned under the work credits program, the maximum eligible parole date was moved from March 7, 2011 to December 8, 1999. Id. Petitioner claims that he was told that his initial plea agreement for thirteen and a half years was no longer good. (Objections at 9). However, Petitioner mischaracterizes his sentence when he claims that he agreed to only thirteen and a half years. Both the Criminal Minutes - Pronouncement of Judgment and the Court of Appeal Opinion Affirming Conviction submitted by Petitioner state that "he was sentenced to 25 years to life for the murder with a two-year enhancement for using

---

[1]The California Court of Appeals has also held that even though the law changed after a defendant had already been sentenced, Petitioner was not entitled to participate in the program which would reduce his time in half because that was not the intent of the legislature. In re Oluwa 207 Cal.App.3d 439, 442 (1989).

a firearm." (Lodgment 3, Court of Appeal Opinion Affirming Conviction).

Petitioner had an initial parole consideration hearing on January 13, 2000, which was denied. (Lodgment 4 at 1a). Petitioner had a subsequent parole consideration hearing on March 29, 2004, which was again denied. Id.

**THE OBJECTIONS**

Petitioner raises several main Objections to the R & R. First, Petitioner contends that the limitations period of 28 U.S.C. §2241(d)(1) began to run when the Parole Board denied him parole on January 13, 1999. The R & R determined that the applicable date on which the statute of limitations began to run occurred when Respondent continued to incarcerate him beyond what Petitioner believed to be a 13 ½ year sentence, or September 7, 1997.

Petitioner contends that the Ninth Circuit has held that the "factual predicate of [the petitioner]'s claims [is] the Board's denial of [the] administrative appeal." Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003); See Shelby v. Bartlett, 391 F.3d 1061 (9th Cir. 2004). However, both cited Ninth Circuit cases involve petitioner's challenging decisions made by the Parole Board or an administrative body. Redd challenged the board's parole denial, and Shelby challenged a disciplinary order. Unlike the present case, these cases do not challenge the initial plea agreement, but the decision of the Board itself. See Singleton v. Curry, 2007 WL 1068227 (N.D. Cal 2007); Hudson v. Curry, 2007 WL 140031 (N.D. Cal 2007). Both Singleton and Hudson held that the allegedly agreed upon date for release starts the statute of limitations since the writ is for failure to release after that date and not for a decision made by the board.[2] Consequently, the court rejects this Objection.

Second, Petitioner argues that § 2244(d)(1)(B) should apply to him and not § 2244(d)(1)(D). Petitioner states that the comments by the prison Court Counselor fraudulently led him to believe that he couldn't file a petition, and therefore, the starting date should be "the date on which the impediment to filing an application created by

---

[2] There are no Ninth Circuit cases directly on point. This is noted in Hudson as well.

1  State action in violation of the Constitution or laws of the United States is removed, if
2  the applicant was prevented from filing by such State action." 28 U.S.C. §
3  2254(d)(1)(B).

4  An assertion that the statute of limitation was delayed by a state-created
5  impediment requires a showing of a due process violation. <u>Lott v. Mueller</u>, 304 F.3d
6  918, 925 (9th Cir. 2002). Generally, judicial omissions, governmental interference, or
7  omissions by counsel are three possible categories which entitle someone to equitable
8  tolling. In several cases, courts have found that equitable tolling was available to
9  plaintiffs who were hindered by governmental interference. See <u>Whalem/Hunt v. Early</u>,
10 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)(remanding to district court for further
11 development of record); <u>Egerto v. Cockrell</u>, 334 F.3d 433 (5th Cir. 2003); <u>Stillman v.
12 LaMarque</u>, 319 F.3d 1199 (9th Cir. 2003); <u>Miles v. Prunty</u>, 187 F.3d 1104 (9th Cir.
13 1999). In <u>Whalem/Hunt</u>, the failure of the prison law library to provide any materials
14 describing AEDPA may have been an impediment requiring equitable tolling.
15 <u>Whalem/Hunt</u>, 233 F.3d at 1147-48. In both <u>Stillman</u> and <u>Miles</u>, the court held that
16 procedural errors by the prison official entitled the petitioner to equitable tolling.
17 <u>Stillman</u>, 319 F.3d at 1202 (holding that a failure of a prison litigation coordinator to
18 timely obtain the petitioner's signature after promising to do so entitled petitioner to
19 equitable tolling); <u>Miles</u>, 187 F.3d at 1107 (holding that the prison authorities' failure
20 to timely mail a check after withdrawing funds from the prisoner's trust fund warranted
21 equitable tolling).

22 Additionally, negligence or omissions by petitioner's counsel do not entitle a
23 petitioner to equitable tolling. See <u>Stillman</u>,319 F.3d at 1199. Incorrect advice by
24 counsel about the statute of limitations does not entitle a petitioner to equitable tolling
25 because it is not an extraordinary circumstance. <u>Miranda v. Castro</u>, 292 F.3d 1063 (9th
26 Cir.), cert. denied, 537 U.S. 1003 (2002); <u>Frye v. Hickman</u>, 273 F.3d 1144 (9th Cir.
27 2001), cert. denied, 535 U.S. 1055 (2002).

28 Here, Petitioner has failed to show that the government impeded his ability to file

a timely claim. Petitioner's authorities, <u>Whalem/Hunt</u> and <u>Egerto</u>, are not persuasive. Both cases involve the lack of library access, an issue not present in this case. Petitioner does not allege that he did not have library access. Rather, he argues that he did not discover these authorities until later. This is not governmental interference but a demonstrated lack of diligence by Petitioner. While Petitioner might claim that his conversation with the Court Counselor was a procedural impediment, advice by a Court Counselor is more similar to negligent or arguably misleading advice by counsel.

Related to this claim, Petitioner alleges that the Court Counselor told him that he was no longer entitled to an early release and therefore this conduct amounts to extrinsic fraud. This is not the type of "extraordinary circumstance" beyond the prisoner's control that made it impossible to file a petition on time. <u>Fry</u>, 273 F.3d at 1146. Further, contrary to Petitioner's assertions, <u>Brown v. Poole</u>, 337 F.3d 1155 (9th Cir. 2003) does not stand for the proposition that this court is obligated to honor a plea agreement where the defendant is promised half time for good behavior. 337 F.3d at 1158. <u>Brown</u> is factually dissimilar to the present case. During the plea colloquy in <u>Brown</u>, the prosecutor stated that the defendant would get half time with work-time credits. The court even clarified that he would serve "half of the 15 years." <u>Id.</u> There is nothing on the transcript from Petitioner's plea colloquy that even references half time for work credits.

Petitioner's argument that the Court Counselor's advice constituted fraud is without merit.[3] Extrinsic fraud is conduct which prevents a party from presenting his

---

[3] Petitioner claims that extrinsic fraud by the Court Counselor prevented him from filing his claim. Viewing the claims broadly, it appears that Petitioner might be arguing something closer to fraudulent concealment. However, to prove fraudulent concealment, a petitioner must plead "facts showing that [another party] actively misled him, that he had neither actual nor constructive knowledge of the facts constituting his claim for relief despite his diligence in trying to discover the pertinent facts." <u>Rutledge v. Boston Woven Hose & Rubber Co.</u>, 576 F.2d 248, 249-250 (9th Cir. 1978). Petitioner admits that he did not research the issue and focused on other possible remedies until 2003 when he came across a plea agreement case during his legal assistant studies. It was only at this time, almost 15 years after his initial meeting with the Counselor, that he began to research the sentencing issue. These assertions fail to demonstrate that Petitioner acted diligently to discover pertinent facts.

claim in court. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004) (citing Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981)). Extrinsic fraud is commonly raised when the other party committed a fraudulent act during a law suit which "prevented the losing party from fully and fairly presenting his case or defense." Atchison, T. & S. F. R. Co. v. Barrett, 246 F.2d 846, 849 (9th Cir. 1957). Examples of extrinsic fraud include: "Keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or, where an attorney fraudulently pretends to represent a party, and connives at his defeat or, being regularly employed, corruptly sells out his client's interest." Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir.1996).

The actions by the Court Counselor do not justify equitable tolling due to fraud because the statements were not fraudulent. First, the time recalculation sheet which the Petitioner highlights as his evidence of fraud does not indicate that his plea agreement was no longer valid. (Pet. Exh. H). In fact, it only indicates that his maximum eligible parole date was moved from March 7, 2011 to December 8, 1999 because of work credits earned by Petitioner. Second, even if the Court Counselor did tell him that he was no longer eligible for work credits; that statement would not be fraudulent. Based on the statements of the Attorney General, Petitioner's lack of eligibility would be a correct statement of Penal Code § 2933 which specifically provides that prisoners at his offense level are not eligible for credits. Petitioner even states in his Complaint that he was told that "time credits had been changed." (Comp. at 6-E). When the Petitioner asked about his plea agreement, he was told that the prison records staff "had no knowledge of his plea agreement." Id. Petitioner was not told that he did not have one or that it was no longer valid, but just that the staff did not know

/ / /

/ / /

/ / /

about it. Id.

In sum, the court denies the Objections and adopt the R & R in its entirety. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: March 28, 2008

                                          Hon. Jeffrey T. Miller
                                          United States District Judge

cc:        All parties